# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Derrick Turner,

                    Plaintiff,

        vs.                                REPORT AND RECOMMENDATION

Lieutenant David Sanders,
Case Manager Deanna Hiller,
Unit Manager Michael
Isaacson, Warden Carol
Holinka, Regional Director
Michael Nalley, Administrator
Harrell Watts, Director Harley
Lappin, Attorney General
Alberto Gonzales, United States
Department of Justice, and
Federal Bureau of Prisons,

                    Defendants.        Civ. No. 07-1457 (JRT/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis

("IFP").  The Plaintiff appears pro se and, in view of the fact that his Complaint has

yet to be served, no appearance has been made by, or on behalf of, the Defendants.

The Plaintiff, who is an inmate at the Minnesota Correctional Facility, in Waseca, Minnesota, commenced this action by filing a Complaint seeking relief under Title 42 U.S.C. §1983.  See, <u>Docket No. 1</u>.  The Plaintiff did not pay any filing fee for this action but, instead, filed an application seeking leave to proceed IFP.  See, <u>Docket No. 2</u>.  We previously reviewed the Plaintiff's IFP Application, and found that he had failed to provide his certified trust account information, as is required by Title 28 U.S.C. §1915(a)(2).  Accordingly, by Order of March 12, 2007, we directed the Plaintiff to file an Amended IFP Application, along with an initial partial filing fee, as is required by Title 28 U.S.C. §1915(b)(1).  See, <u>Docket No. 3</u>.  The Plaintiff was further admonished that his failure to comply with those directives, within 20 days of the date of that Order -- that is, by April 1, 2007 -- could result in his case being dismissed for lack of prosecution.

The deadline for satisfying the requirement of this Court's prior Order expired over two (2) weeks ago, and the Plaintiff has failed to comply.  Therefore, based on the Plaintiff's failure to comply with our Order of March 12, 2007, and his failure to prosecute this action, we recommend that his Complaint be summarily dismissed, without prejudice, see, <u>Rule 41(b), Federal Rules of Civil Procedure</u> (declaring that actions may be dismissed for failure to comply with Court Orders); see also, <u>Link v.</u>

<u>Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962)(recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"),  and that the Plaintiff's Application to proceed IFP be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.    That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice, for failure to comply with this Court's Order dated March 12, 2007, and for failure to prosecute.

2.    That the Plaintiff's Application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> [Docket No. 2] be denied, as moot.

Dated: April 17, 2007                     s/Raymond L. Erickson
                                          Raymond L. Erickson
                                          CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties **by no later than May 4, 2007,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.   Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 4, 2007,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.